**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE WALTER MELGAR, | No. 12-72209 |
| Petitioner, | Agency No. A029-136-724 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 18, 2014[**]

Before:    LEAVY, FISHER, and N.R. SMITH, Circuit Judges.

Jose Walter Melgar, a native and citizen of El Salvador, petitions pro se for

review of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and protection under the Convention Against Torture ("CAT").  We have

---

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

     [**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the factual findings, *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006), and we deny the petition for review.

The record does not compel the conclusion that Melgar filed his asylum application within a reasonable period after the changed circumstances. *See Husyev v. Mukasey*, 528 F.3d 1172, 1181-82 (9th Cir. 2008) (364-day delay without explanation was unreasonable). Thus, Melgar's asylum claim fails.

Melgar contends the deaths of his brother and cousin establish a clear probability that he would be persecuted if removed to El Salvador. Substantial evidence supports the agency's determination that Melgar did not establish it is more likely than not that he will be persecuted on account of a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (finding that a desire to be free from violence bears no nexus to a protected ground); *Nahrvani v. Gonzales*, 399 F.3d 1148, 1154 (9th Cir. 2005) (finding no fear of future persecution where petitioner's claim is unsubstantiated and speculative). Thus, Melgar's withholding of removal claim fails.

Finally, substantial evidence supports the agency's denial of CAT protection, because Melgar failed to show that it is more likely than not he would

12-72209

be tortured by or with the acquiescence of the government if removed to El Salvador. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

**PETITION FOR REVIEW DENIED.**